## Case No. 16,276.

UNITED STATES v. SHERIFF OF CHARLESTON.

[Bee, 196.] [1]

District Court, D. South Carolina. March 23, 1803.

REVENUE LAWS — INSOLVENCY — PRIORITY OF UNITED STATES.

The revenue laws of the U. States give a preference over other creditors in several cases; but must not be so construed as to destroy a prior legal lien.

[Cited in Re Hambright, Case No. 5,973.]

The United States have obtained judgment and execution against the late collector of this port, for a debt incurred after the passing of the act of congress of 3d March, 1797 (3 Folwell's Laws, 423 [1 Stat. 515]).

It appears that a citizen of this state has a previous lien by judgment and execution in the state court. The sheriff has proceeded by virtue of that execution, to levy on the property so bound; and this suit is brought to stop the sale: to this a demurrer is filed.

BEE, District Judge. The single question is, whether, under the 5th section of the above mentioned act of congress, the United States have a preference or not.

The cases in which that preference is established are: 1st. Property in the hands of executors. 2d. Where assignments of property are made. 3d. In cases of attachment. 4th. In cases of bankruptcy.

The first act that contemplates any preference in favour of the United States was passed 4th August, 1790 [1 Stat. 145]. The 45th section provides that in cases of insolvency, or where an estate in the hands of executors or administrators is insufficient to pay all the debts of the deceased. bonds to the United States for securing payment of duties shall be first satisfied. The next law on the subject was passed 2d May, 1792 [1 Stat. 263], and provides in section 18, that where sureties pay such bonds, they shall be entitled to the same preference that the United States would have had. The act of 3d March, 1797, provides that no voluntary assignment of his property by a debtor of the United States, nor any attachment of said property nor act of bankruptcy, shall prevent the United States from being first paid what may be due to them. The same provision is contained in the last revenue act,—4 Folwell's Laws, 387 [1 Stat. 627]. I cannot find that these acts do in any manner comprehend the present case. There is not a syllable in either of them that can be fairly construed to divest a prior legal lien. I am, therefore, of opinion, that this demurrer must be sustained, and the suit dismissed.

[1] [Reported by Hon. Thomas Bee, District Judge.]

## Case No. 16,277.

UNITED STATES v. SHERLOCK et al.

[18 Int. Rev. Rec. 5.]

Circuit Court, S. D. Ohio. 1873.

SURVEYORS OF CUSTOMS—COMMISSIONS ON MONEYS.

[A surveyor of customs is entitled to commissions on moneys paid to him for the treasury department, but not on moneys, already in the treasury, which are transferred to him from other places of deposit.]

This was an action brought upon the bond of T. Jefferson Sherlock, as surveyor of customs, and designated depositary at Cincinnati, Ohio, for the amount of a balance stated against him by the treasury department. He claimed in defence that he was entitled to an additional allowance for commissions upon deposits to the credit of pension agents and other disbursing officers.

Warner M. Bateman, U. S. Atty.
Stanley Matthews, for defendants.

Before SWAYNE, Circuit Justice, and EMMONS, Circuit Judge, and SWING, District Judge.

SWAYNE, Circuit Justice. The court held that he was entitled to commissions only upon moneys paid to him for the use of the treasury department, and was not entitled to commissions upon funds already in the treasury, although transferred to him from other places of deposit, as was the case with funds held by him to the credit of disbursing officers.